

Anthony L. Hall, Esq., NV Bar No. 5977
ahall@hollandhart.com
Dora V. Lane, Esq., NV Bar No.8424
dlane@hollandhart.com
Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000; Fax: (775) 786-6179
*Attorneys for United Parcel Service, Inc.*

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
JUL 18 2011
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ______ DEPUTY

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

REBECCA McCRARY, JESIKA HIBBS & SALLY MENNING,

Plaintiffs,

vs.

UNITED PARCEL SERVICE, INC., and DOES 1-X,

Defendants.

CASE NO. 3:10-cv-00666-LRH-RAM

**CONFIDENTIALITY AGREEMENT AND STIPULATION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER**

The undersigned stipulate and agree as follows:

1. This Confidentiality Agreement and Protective Order (the "Order") shall apply to the personnel file of former UPS employee Stacey Whitfield, ~~to UPS's position statement in response to Rebecca McCrary's Charge filed with the EEOC~~, and ~~to the list~~ to the contact information of all persons employed with Mr. Whitfield during the last five years at UPS ~~and their contact information~~ (collectively, "Confidential Information").

2. All Confidential Information shall be used solely for the purpose of this litigation, and will not be used or disclosed outside the context of this litigation. Any person receiving such Confidential Information shall restrict its disclosure to persons authorized to receive the Confidential Information pursuant to this Order. A Confidential Information designation is applicable to all copies and reproductions of any Confidential Information. Nothing herein shall be deemed to restrict the right of UPS, as the producing party, to use its own Confidential Information as it chooses. By

Case 3:10-cv-00666-RCJ -RAM Document 26 Filed 07/14/11 Page 2 of 5

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

entering into this Order, the parties do not waive the right to make any objections to discovery requests, to the admission of evidence on any ground, to seek further protective order, or to seek relief from the Court from any provision of this Order.

3. Designating Information as Confidential: The Confidential Information is designated as such by marking the word "Confidential" on the face of the original of the document and each page so designated, or on the face of the photocopy of the document, and on the photocopies of each page so designated.

4. No Implied Acknowledgement of Confidentiality: Compliance with the terms of this Order and production or receipt of the Confidential Information shall not in any way operate as an admission that the Information is Confidential.

5. Access to Confidential Information: Access to Confidential Information (except for the list of all persons employed with Mr. Whitfield during the last five years at UPS, which is address in the following section) is restricted to the following persons:

(a) Counsel of record for the respective parties, including office associates, paralegals, stenographic and clerical employees;

(b) The parties to this action and their representatives, including in-house counsel;

(c) Experts or consultants (including their employees, associates, and/or support staff) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist in any way in the litigation. Confidential Information that is accessed by experts or consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants;

(d) Electronic imaging and/or computer litigation support personnel retained by one or more of the parties in this litigation or by the parties' counsel;

(e) The Court and its personnel, including clerks and stenographic reporters who record depositions of other testimony in this litigation;

(f) Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system; and

(g) Any other person to whom the producing party agrees in writing.

The parties shall inform each person to whom they disclose or give access to the Confidential Information of the terms of this Order, as well as the obligation to comply with its terms.

6. Filing Documents Under Seal: If a party seeks to file Confidential Information with the Court, the party seeking to file such Confidential Information must first submit a Motion to Allow Filing Under Seal to the Court, unless the producing party agrees in writing that such Confidential Information need not be filed under seal. A Motion to Allow Filing Under Seal must include a specific description of the Confidential Information it seeks to file under seal, along with a clear statement of the facts justifying a seal, including the harm which would result if the Confidential Information was not filed under seal. Such statement must be made by declaration or affidavit. A party may request that such Motion be heard on an Order Shortening Time or emergency basis and the other party hereby consents to the Court shortening the time for such a motion. If a party seeks to file under seal Confidential Information as part of a dispositive motion, that party must demonstrate compelling reasons to the Court for preserving the secrecy of that Confidential Information. If a party seeks to file under seal Confidential Information as part of a non-dispositive motion, that party must demonstrate good cause to the Court for preserving the secrecy of that Confidential Information. If the party seeking to file such Confidential Information is not the producing party, the producing party may also seek to demonstrate good cause or compelling reasons to the Court for preserving the secrecy of that Confidential Information, independently of whatever showing is made by the party seeking to file such Confidential Information. Until the parties otherwise agree or the Court so determines, all Confidential Information shall continue to be treated as Confidential in accordance with this Order. In the event the Court refuses to allow the filing under seal of such Confidential Information, a party shall still be permitted to file such Confidential Information, but it will continue to be treated as Confidential in all other respects. The Court may change the terms of this section of this Order on its own motion after notice to the parties

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

and an opportunity to be heard. All filing deadlines will be tolled while a motion that is filed under this section is pending before the court.

7. Conclusion of Proceedings: Within forty-five (45) days following termination of this litigation by final judgment, settlement or otherwise (including any appeals):

(a) All Confidential Information subject to the provisions of this Order shall be destroyed or delivered to the producing party.

(b) To the extent any Confidential Information is destroyed, the destroying party shall so represent in writing to the producing party.

(c) As to Confidential Information filed under seal, the producing party shall be obligated to retrieve those documents from the Court and the other party will support any motion to this effect.

8. Jurisdiction and Enforcement: Any person to whom Confidential Information is disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring, and adjudging such person's compliance with this Order. This jurisdiction shall survive the termination of this litigation. Any party or person subject to this Order who violates its provisions shall be liable for damages for any injuries or loss suffered by the producing party as a result of such violation.

9. This Order and the agreement embodied herein shall survive the termination of this litigation and continue in full force and effect.

Dated: July 14, 2011.

Dora Lane

ANTHONY L. HALL, ESQ., NV Bar #5977
DORA V. LANE, ESQ., NV Bar #8424
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Phone: 775-327-3000
*Attorneys for Defendant UPS*

///

///

///

Case 3:10-cv-00666-RCJ -RAM Document 26 Filed 07/14/11 Page 5 of 5

Dated: July 14th, 2011.

Mark Mausert, Esq., NV Bar # 2398
mark@markmausertlaw.com
930 Evans Street
Reno, Nevada 89512
Telephone: (775) 786-5477
*Attorney for Plaintiffs*

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATED: July 18, 2011.

5058065_3.DOCX

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511